## PEOPLE v. MULLREED

CRIMINAL LAW—ESCAPE FROM PRISON—LAWFUL CONFINEMENT—AP-
PEAL AND ERROR.

There are procedural means available to attack an arguably
tainted conviction, and a defendant who was confined to prison
under color of law may not successfully contend that his es-
cape from prison is not a crime because the conviction leading
to his imprisonment was faulty (CL 1948, § 750.193).

Appeal from Jackson, Dalton (John C.), J. Sub-
mitted Division 2 January 7, 1969, at Lansing.
(Docket No. 4,943.) Decided January 29, 1969.

Joseph E. Mullreed was convicted of escape from
prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Bruce A. Barton,*
Prosecuting Attorney, for the people.

*M. B. Townsend, Jr.,* for defendant on appeal.

PER CURIAM. A jury trial adjudged defendant
guilty of an escape from prison.* He appeals, con-
tending that his original conviction for armed rob-
bery resulting in his imprisonment was erroneous.

---

* CL 1948, § 750.193 (Stat Ann 1962 Rev § 28.390).

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Escape, Prison Breaking and Rescue § 7 *et seq.*

Under the modern view, a defendant may not successfully contend that an escape from *lawful* confinement is not a crime because the conviction leading to his imprisonment was allegedly faulty. See *Bayless* v. *United States* (CA 9, 1944), 141 F2d 578, *cert. denied,* 322 US 748 (64 S Ct 1157, 88 L Ed 1580); *People* v. *Scherbing* (1949), 93 Cal App 2d 736 (209 P2d 796); *State, ex rel. Robison,* v. *Boles* (1965), 149 W Va 516 (142 SE2d 55). One does not challenge the law by violating its mandates. *Walker* v. *City of Birmingham* (1967), 388 US 307 (87 S Ct 1824, 18 L Ed 2d 1210). There are procedural means available to attack a conviction arguably tainted by reversible error. But those means do not include the freedom to defy lawful imprisonment with impunity. An individual is not justified in escaping from prison if he was validly sentenced and confined under color of law.

We do not consider defendant's remaining arguments concerning the soundness of his robbery conviction. The arguments were not raised in the lower court and, consequently, are not properly before this court.

Conviction affirmed.

QUINN, P. J., and McGREGOR and V. J. BRENNAN, JJ., concurred.