PEOPLE *v* ALEXANDER

1. Escape—Forfeiture of Good Time—Double Jeopardy.
Punishment for the crime of escape from prison by sentence to an additional term, and forfeiture of accrued good time, ordered by the prison warden pursuant to statute for the same act of escape, is not jeopardy twice for the same offense (MCLA 750.193).

2. Escape—Unlawful Incarceration.
A defendant cannot be convicted of the crime of prison escape if his incarceration is unlawful.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 February 2, 1972, at Lansing. (Docket No. 11882.) Decided March 29, 1972. Rehearing denied April 28, 1972.

Jesse Alexander was convicted of prison escape. Defendant appeals. Remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *Paula Hosick,* Chief Appellate Attorney, for the people.

*Arthur J. Tarnow,* State Appellate Defender, and *Larry R. Farmer,* Assistant Defender, for defendant on appeal.

---

References for Points in Headnotes
[1] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 17.
[2] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 10.

Before: Danhof, P. J., and T. M. Burns and Van
Valkenburg,* JJ.

Per Curiam.   On January 10, 1971, defendant es-
caped from the trustee division of the state prison
in Jackson, Michigan.   He was later apprehended
and charged with the crime of prison escape.   MCLA
750.193; MSA 28.390.   Defendant was tried by a
jury on April 6, 1971, and was found guilty.   He was
sentenced to a term of from 1–1/2 to 5 years in
prison, and he now appeals raising two issues.

1. *Does the combination of administrative for-
feiture of earned good time and the criminal convic-
tion and sentence for a single act of "escape" violate
the double jeopardy prohibition of the Fifth Amend-
ment?*

As a result of defendant's escape, the warden of
Southern Michigan Prison ordered two years of good
time earned by the defendant forfeited.   Defendant
argues that this action, combined with the sentence
of 1–1/2 to 5 years for the crime of escape, consti-
tutes double jeopardy under the Fifth Amendment
of the United States Constitution.

The same issue was before this Court in the case
of *People* v *Wilson,* 6 Mich App 474, 476–477 (1967),
where the Court stated:

"Article 1, § 15 of the Michigan Constitution of
1963 provides:

" 'No person shall be subject for the same offense
·to be twice put in jeopardy.'

"Amendment 5 of the United States Constitution
makes the same provision but adds the words 'of life
or limb.'

"Thus under either Constitution there are two ele-
ments in this interdict: (1) There must be successive

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

subjection to 'jeopardy' and (2) in each instance the offense must be the same.

"In determining the identity of the offense it must be kept in mind that one act may constitute several offenses. For example, under proper circumstances the one act of a man robbing a store could properly support successive prosecutions for two offenses involved in the same act: armed robbery and carrying a concealed weapon.

"Unless the offense is a necessary element in and part of another, an acquittal or conviction of one is not a bar to prosecution for the other.

"Here we deem the one act of escape as constituting a criminal offense under the statute cited, as well as an offense against the rules of the prison evoking the forfeiture provisions of the good time statute above cited. Thus, in our view, the lack of identity of the offenses is destructive of the defendant's position.

"But we also conclude that under the circumstances of this case there was no successive subjection to jeopardy.

"The word 'jeopardy' as used in the Constitution has always been used in a manner consonant with the following definition:

" 'The danger of conviction and punishment which the defendant in a criminal action incurs when a valid indictment has been found, and a petit jury has been impaneled and sworn to try the case and give a verdict in a court of competent jurisdiction.' Black's Law Dictionary (4th ed 1951), p 969.

"The Michigan Supreme Court has consistently held that 'jeopardy' requires criminal prosecution in a court of justice. See *People* v *Powers* (1935), 272 Mich 303, 307, and *People* v *Tillard* (1947), 318 Mich 619, 623.

"Here the procedure whereby the defendant's good time was forfeited was conducted as the statute requires, in an administrative proceeding and not in a criminal proceeding in a court of justice."

We are in accord with the above statements; and, therefore, hold that the prosecution of defendant for the crime of escape did not constitute double jeopardy.

2. *Was the defendant's imprisonment illegal, thereby justifying his use of self-help in escaping from prison?*

The defendant took the stand in his own behalf; and when asked by his counsel if there was anything he wished to say, the defendant started asking questions as to why he was still in prison on his original sentence. The judge interrupted and informed the defendant that this information was irrelevant. The area was not thereafter pursued by either defendant or his counsel.

On appeal, the defendant claims that his being detained after April 1, 1970, was illegal and, therefore, he was justified in escaping. The basis of defendant's argument is that under *Browning* v *Michigan Department of Corrections,* 385 Mich 179 (1971), which established the proper method of computing "dead time", defendant's sentence should have ended on April 1, 1970. Defendant therefore argues that he was wrongfully kept in jail for more than ten months and had a right to escape.

In the case of *People* v *Hamaker,* 92 Mich 11 (1892), the Supreme Court held that one could not be convicted of the crime of escape if his incarceration is unlawful. Although it is not always clear just what circumstances will justify self-help on the part of a prisoner improperly detained, it is clear that personal liberty is given the utmost importance under the laws of this country:

"The right to personal liberty is accorded a preeminent position under our system of law and government, and the  history of the last few decades

has vividly demonstrated the danger of invasions of the right by governmental agents acting under color of law, so that there is something to be said for the view that the citizen improperly deprived of his liberty should be entitled to recover it by any means available to him, *ruat coelum,* and it seems hard that one improperly imprisoned should be subjected to further punishment for merely asserting the right to liberty guaranteed him by the Constitution." 70 ALR2d 1432.

It is our opinion that defendant should not have been prosecuted for the crime of escape if at the time he left prison he was illegally incarcerated. We do not have, however, sufficient information to determine whether or not defendant was in fact being unlawfully incarcerated at the time of his escape although defendant has attached to his brief what appears to be a certificate of discharge which provides that defendant's sentence would terminate on April 1, 1970. It would, therefore, appear that there is some basis for defendant's claim.

Since the issue was not properly litigated below, we are remanding for a determination of the legality of defendant's incarceration.

The cause is remanded to the trial court for proceedings consistent with this opinion.