PEOPLE v FRUM

1. ESCAPE—DEFENSES—UNLAWFUL CONVICTION—COLOR OF LAW.

A prisoner is not justified in escaping from prison where he is confined under color of law; the proper method for challenging a conviction is not by escape, but by the procedural avenues provided by statute and court rule.

2. ESCAPE—DEFENSES—UNLAWFUL CONVICTION—COLOR OF LAW.

A defendant, convicted of prison escape, who challenges the propriety of his original conviction because the waiver of jurisdiction over him as a juvenile by the probate court to the circuit court was unconstitutional in light of a recent Michigan Supreme Court ruling which is now on rehearing before that Court, was incarcerated under color of law and his prosecution for escape was proper where the probate court waived its jurisdiction over the defendant under a statute not as yet declared unconstitutional and the defendant did not raise any other allegations of error pertaining to the trial in circuit court (MCLA 712A.4).

Appeal from Washtenaw, John W. Conlin, J. Submitted Division 2 June 19, 1973, at Lansing. (Docket No. 14254.) Decided August 30, 1973.

Charles Frum was convicted of prison escape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Leonard J. Kowalski,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 7.
    What justifies escape or attempt to escape, or assistance in that regard, 70 ALR2d 1430.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant was found guilty by a jury of escaping from prison. MCLA 750.193; MSA 28.390. He was sentenced to a term of from two to three years imprisonment.

The defendant was initially confined to prison for a term of from three to ten years upon his plea of guilty to a charge of breaking and entering.[1] He was 16 years old at the time. However, the probate court, pursuant to MCLA 712A.4; MSA 27.3178(598.4), had waived its juvenile jurisdiction over the defendant, and he was tried as an adult in circuit court. After spending a short time at the Southern Michigan Prison at Jackson, the defendant was transferred to Cassidy Lake Technical School, a minimum security prison facility from which he later escaped.

At the trial on the escape charge, defendant testified that his departure from the prison camp was involuntary. He explained that while he was walking on the camp grounds he was confronted by two armed men, he became frightened, ran through some woods to a highway, and hitchhiked to Detroit, where he was arrested approximately eight days later.

On appeal defendant argues that since *People v Fields,* 388 Mich 66; 199 NW2d 217 (1972), declared the juvenile waiver statute unconstitutional, he was incarcerated illegally and that as such he cannot be prosecuted for the crime of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 750.110; MSA 28.305.

escape from prison. See *People v Alexander,* 39 Mich App 607; 197 NW2d 831 (1972).

A prisoner is not justified in escaping from prison where he is confined under color of law. The proper method for challenging a conviction is not by escape, but by the procedural avenues provided by statute and court rule. *People v Mullreed,* 15 Mich App 538; 166 NW2d 820 (1969).

Here jurisdiction over the defendant was waived by the probate court nearly five years before the *Fields* opinion was released. Likewise defendant's escape occurred approximately five years before the advent of *Fields.* Thus the defendant could not have reasonably suspected or believed, as did the defendant in *People v Alexander, supra,* that his imprisonment was without color of law, nor did the defendant so indicate at trial.

Furthermore, while it is true that *Fields* held the juvenile waiver statute unconstitutional, nothing in that opinion or subsequent opinions stated that *Fields* was to be applied retroactively. Moreover, by an order dated September 1, 1972, the Supreme Court has scheduled *Fields* for a rehearing.

Thus inasmuch as the probate court waived its jurisdiction over the defendant under a statute not as yet declared unconstitutional, and since the defendant has not raised any other allegations of error pertaining to the trial in circuit court, we find that the defendant was incarcerated under color of law and that as a consequence the prosecution for escape was proper.

Affirmed.