PEOPLE v HOLT

1. Criminal Law—Evidence—Impeachment of Testimony—Discretion.

A trial court cannot be faulted for permitting the impeachment of a defendant's testimony by reference to prior unspecified misdemeanors where the defendant made no objection to the admission of the testimony and thus did not invoke the judge's discretion.

2. Escape—Criminal Law—Validity of Commitment—Instructions to Jury.

An instruction to the jury that in order to convict a defendant of prison escape they would have to find beyond a reasonable doubt that the defendant had been committed under the terms of a mittimus was proper and did not require a charge that the jury must find that the defendant was legally imprisoned under a valid mittimus; the fact that the defendant's conviction was later reversed does not affect the validity of the mittimus and does not justify an escape from prison.

3. Criminal Law—Sentencing—Prior Conviction.

Taking into consideration in sentencing a defendant a prior conviction which has been reversed by the Court of Appeals is error.

Appeal from Jackson, Gordon W. Britten, J. Submitted Division 2 April 9, 1974, at Lansing. (Docket No. 16388.) Decided June 24, 1974.

Kenneth L. Holt was convicted of escape from

References for Points in Headnotes

[1] 58 Am Jur, Witnesses § 762.
[2] 27 Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 10, 18.
  What justifies escape or attempt to escape, or assistance in that regard. 70 ALR2d 1430.
[3] 21 Am Jur 2d, Criminal Law § 533 *et seq.*

prison. Defendant appeals. Affirmed and remanded for resentencing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Bruce A. Barton,* Prosecuting Attorney, and *James M. Justin,* Chief Appellate Attorney, for the people.

*Dennis H. Benson,* Assistant State Appellate Defender, for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

McGREGOR, P. J. At the time of the instant offense of escape from prison, contrary to MCLA 750.193; MSA 28.390, defendant was incarcerated in the State Prison of Southern Michigan as a result of his plea to the offense of attempted rape. Defendant was sentenced on December 4, 1970, to serve a 4 year term for this offense. Defendant's motion to have his guilty plea vacated in the trial court was denied. See *Holt v State Bar Grievance Board,* 388 Mich 50; 199 NW2d 195 (1972). Defendant's appeal to this Court was filed on April 20, 1972.

On June 21, 1970, defendant filed a complaint with the State Bar Grievance Board against his appointed counsel, alleging inadequate representation and professional misconduct. The Grievance Board dismissed the complaint as groundless on September 8, 1971. Subsequent to the decision of the Grievance Board, this Court, based upon a brief submitted by defendant's appointed counsel, found that defendant's case was wholly frivolous

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and dismissed defendant's appeal. Leave to appeal to the Supreme Court was denied.

Defendant appealed the Grievance Board's dismissal to the Supreme Court. *(Holt v State Bar Grievance Board, supra.)* That Court found that the issues which defendant sought to raise through his appointed counsel with respect to his guilty plea were substantial and, further, that defendant's plea had been improperly accepted. After the decision in *Holt, supra,* the defendant filed a "motion for peremptory reversal" of the attempted rape conviction in the trial court. Upon denial there, he filed a similar motion in this Court, which was granted October 30, 1972 *(People v Holt,* No. 14849).

Among other errors, defendant contends that the trial court abused its discretion in permitting the impeachment of defendant's testimony by reference to prior unspecified misdemeanors.

An examination of the transcript indicates that, although defense counsel requested a limiting instruction with respect to the permissible use of the impeachment testimony, he did not object to its admission. Since defendant did not object to the admission of the testimony, "he did not invoke the judge's discretion [and] cannot fault the judge for failing to exercise it when he allowed impeachment on the basis of prior convictions". *People v Moore,* 391 Mich 426, 435; 216 NW2d 770 (1974); *People v Jones,* 44 Mich App 633; 205 NW2d 611 (1973). *Cf. People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974).

Defendant next argues that the trial court's instructions to the jury were reversibly erroneous in that they failed to include an integral element of the crime of prison escape, to wit: that the defendant was legally imprisoned under a valid mittimus at the time of his escape.

The fact that the conviction for which defendant was serving time in prison was later reversed does not justify his escape. As noted in *People v Mullreed,* 15 Mich App 538, 539; 166 NW2d 820 (1969):

"Under the modern view, a defendant may not successfully contend that an escape from *lawful* confinement is not a crime because the conviction leading to his imprisonment was allegedly faulty. (Citations omitted.) One does not challenge the law by violating its mandates. (Citations omitted.) There are procedural means available to attack a conviction arguably tainted by reversible error. But those means do not include the freedom to defy lawful imprisonment with impunity. An individual is not justified in escaping from prison if he was validly sentenced and confined under color of law." (Emphasis in original.)

In this case, the trial court did instruct the jury that, in order to convict the defendant, they would have to find beyond a reasonable doubt that he was committed under the terms of a mittimus. Since the fact that defendant's conviction for attempted rape was later reversed does not affect the validity of the mittimus, the trial court's instructions were not reversibly erroneous in the absence of an objection. Thus, this case is distinguishable from *People v Alexander,* 39 Mich App 607; 197 NW2d 831 (1972), where the defendant's conviction for prison escape was reversed in light of the fact that he could reasonably believe that his imprisonment was without color of law. Similarly, *People v Hamaker,* 92 Mich 11; 52 NW 82 (1892), is not controlling, because the mittimus in that case was invalid on its face, since based on a conviction without foundation in either common or statutory law.

Finally, defendant urges that the trial court

erroneously considered a vacated conviction in imposing sentence on defendant.

It will be recalled that, on October 30, 1972, this Court issued an order reversing defendant's conviction for attempted rape. On November 8, 1972, defendant appeared before the trial court for the purpose of sentencing on his conviction for escape. At that time, the following colloquy took place:

"*The Court:* * * * That is the information as you have given to them. .

"*A.* Right. Well, I am not guilty of no rape charge or attempted rape.

"*The Court:* This girl was a deaf mute, isn't that right?

"*A.* No, she wasn't.

"*The Court:* Oh. The report here also in the presentence from before Judge Gallagher that it was a forcible rape and that she is a deaf mute and the judge stated in his statement to the—looks like a judge's statement to the prison—I assume you have seen the judge's statement, haven't you?

"*A.* No, I haven't."

This and similar portions of the sentencing transcript clearly support defendant's contention that the trial court, in sentencing defendant, took into consideration the conviction for attempted rape which had been reversed by this Court. Further, it is clear that the defendant denied any involvement in the attempted rape. In these circumstances, we think it necessary to remand the case for resentencing before a different judge. *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), and *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972).

Conviction affirmed. Case remanded to the trial court for resentencing.

All concurred.