PEOPLE v SHIPE

Docket No. 122568. Submitted May 14, 1991, at Detroit. Decided
August 19, 1991, at 9:00 A.M.

Harold L. Shipe, Jr., pleaded guilty in the Kalamazoo Circuit
Court, John F. Foley, J., of two counts of bank robbery. He
appealed, claiming that multiple convictions for a single rob-
bery involving two tellers violated constitutional protections
against double jeopardy.

The Court of Appeals *held:*

The bank robbery statute, MCL 750.531; MSA 28.799, was
intended by the Legislature to protect banks and other struc-
tures intentionally constructed to protect valuables. A person
cannot be convicted of more than one bank robbery offense for
taking money from multiple tellers during one robbery of a
single bank. Thus, one of the defendant's convictions and
sentences must be vacated. The other conviction and sentence
are affirmed.

*Affirmed as modified.*

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *James J. Gregart,* Prose-
cuting Attorney, and *Anne M. McCarthy,* Assis-
tant Prosecuting Attorney, for the people.

State Appellate Defender (by *Ronald E. Stein-
berg*), for the defendant on appeal.

Before: CAVANAGH, P.J., and NEFF and W. R.
BEASLEY,* JJ.

W. R. BEASLEY, J. Defendant appeals as of right
his convictions of two counts of bank robbery[1] on
the ground that his constitutional protection

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.
[1] MCL 750.531; MSA 28.799.

against double jeopardy precludes convictions for two offenses where, although there were two tellers involved, the incident involved only one banking institution. We agree and vacate one of defendant's bank robbery convictions.

Defendant's convictions arise from his robbery of a First of America Bank in Kalamazoo, Michigan, on May 10, 1989. Defendant entered the bank, brandished a BB handgun, and ordered two tellers to give him the bank's money. Upon receiving over $2,000, defendant fled.

Defendant was originally charged with two counts of bank robbery and two counts of possession of a firearm during the commission of a felony.[2] At the conclusion of the preliminary examination, defense counsel argued that only one bank robbery could be charged because, unlike the offense of armed robbery, the crime is against the institution and not the individuals inside. The district court disagreed and bound defendant over on two counts of bank robbery. Defendant subsequently pleaded guilty to the two counts,[3] and was later sentenced to two concurrent terms of eight to thirty years' imprisonment.

The issue whether the double jeopardy clauses of the state and federal constitutions prohibit multiple convictions of bank robbery where the defendant committed a single robbery against a single

---

[2] The felony-firearm counts were dismissed after the preliminary examination on the ground that there was insufficient evidence that the BB gun used by defendant fit the description of a firearm. See MCL 750.227b; MSA 28.424(2).

[3] Defendant never sought review of the district court's decision, and his guilty pleas were not tendered conditionally. However, an unconditional guilty plea does not waive a defendant's right to appeal an adverse decision on a double jeopardy claim because such a claim implicates the very authority of the state to bring the defendant to trial. *People v New*, 427 Mich 482, 488-489; 398 NW2d 358 (1986), citing *People v Alvin Johnson*, 396 Mich 424, 440; 240 NW2d 729 (1976), cert den 429 US 951 (1976).

bank, but where the robbery involved the taking of money from multiple bank tellers, appears to be one of first impression in this state. Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense.[4] Both double jeopardy clauses incorporate three distinct protections. First, they prohibit a second prosecution of a defendant for the same offense after acquittal. Second, they prohibit a second prosecution of a defendant for the same offense after conviction. Third, they prohibit the imposition of multiple punishments on a defendant for the same offense.[5] The case at bar calls into question the third type of protection.

Where, as here, the double jeopardy issue requires a determination of what constitutes a single crime or offense under a particular statute, "legislative intent is the beginning and end of the inquiry."[6] The Legislature's authority to define a single criminal act or offense is not diminished by the Double Jeopardy Clause because the clause places limitations on prosecutors and courts only, not the Legislature.[7] Hence, the dispositive question is whether the Legislature intended that two convictions for bank robbery might result under the circumstances presented in this case.[8]

The bank robbery statute[9] provides, in pertinent part:

> Any person who, with intent to commit the

---

[4] US Const, Am V; Const 1963, art 1, § 15; *People v Wilcox,* 183 Mich App 616, 620; 456 NW2d 421 (1990).

[5] *North Carolina v Pearce,* 395 US 711, 717; 89 S Ct 2072; 23 L Ed 2d 656 (1969); *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986).

[6] *People v Wakeford,* 418 Mich 95, 107-108; 341 NW2d 68 (1983).

[7] *Id.,* p 108.

[8] *Id.,* p 111.

[9] MCL 750.531; MSA 28.799.

crime of larceny, or any felony, shall confine, maim, injure or wound, or attempt, or threaten to confine, kill, maim, injure or wound, or shall put in fear any person for the purpose of stealing from any building, bank, safe or other depository of money, bond or other valuables . . . shall, whether he succeeds or fails in the perpetration of such larceny or felony, be guilty of a felony, punishable by imprisonment in the state prison for life or any term of years.

In ascertaining the legislative intent behind that statute, it is helpful to compare it with the armed robbery statute.[10] This Court has held that the bank robbery statute and the armed robbery statute, though involving comparable subject matter, were promulgated to protect different interests. The former statute is intended to protect those structures intentionally constructed to protect valuables, while the latter is intended to protect persons from assaultive takings by means of a dangerous weapon.[11]

Turning to federal authority for guidance in

---

[10] The armed robbery statute, MCL 750.529; MSA 28.797, provides:

Any person who shall assault another, and shall feloniously rob, steal and take from his person, or in his presence, any money or other property, which may be the subject of larceny, such robber being armed with a dangerous weapon, or any article used or fashioned in a manner to lead the person so assaulted to reasonably believe it to be a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison for life or for any term of years. If an aggravated assault or serious injury is inflicted by any person while committing an armed robbery as defined in this section, the sentence shall be not less than 2 years' imprisonment in the state prison.

[11] People v Witt, 140 Mich App 365, 370-371; 364 NW2d 692 (1985); People v Thomas, 118 Mich App 667, 672; 325 NW2d 536 (1982). But see People v Campbell, 165 Mich App 1, 6; 418 NW2d 404 (1987) (holding that the proscription of bank robbery not involving safecracking is intended to protect people rather than funds or buildings).

interpreting this statute,[12] we find that several federal cases have addressed the double jeopardy issue in the context of the federal bank robbery statute.[13] The federal statute, like its Michigan counterpart, punishes a variety of different theft offenses from banks, including the taking from a person or in the presence of another any property, money, or thing of value belonging to, or in the care or custody of, the bank.[14] On the issue whether multiple convictions could arise from the robbery of a single bank under the federal statute, the Court of Appeals for the District of Columbia in *United States v Canty*[15] held:

> Although there seem to be no cases precisely on point, we cannot agree with the Government's position that the robbery of each teller constitutes a separate "taking" within the meaning of the statute. While it may be true that under general theft and robbery statutes, a defendant may be punished under separate counts for taking money from different people in the same transaction, the statute here is not for theft or robbery against the person generally. The crime is *bank* robbery, and the statute is entitled "Bank Robbery and Incidental Crimes." There is no doubt here that only one transaction took place and that only one bank was robbed. Compare *United States v Hopkins* [150 US App DC 307, 314; 464 F2d 816 (1972)]. Even assum-

[12] See *Employment Relations Comm v Mugerian,* 57 Mich App 596, 599; 226 NW2d 577 (1975).

[13] 18 USC 2113.

[14] 18 USC 2113(a).

[15] 152 US App DC 103, 115-116; 469 F2d 114 (1972). Accord *United States v Marzano,* 537 F2d 257, 272 (CA 7, 1976), cert den 429 US 1038 (1977); *United States v Diggs,* 173 US App DC 95, 108; 522 F2d 1310 (1975), cert den sub nom *United States v Floyd,* 429 US 852 (1976); *United States v Cooper,* 164 US App DC 191, 194; 504 F2d 260 (1974); *United States v Fleming,* 504 F2d 1045, 1054 (CA 7, 1974) ("Congress' concern was penalizing the robbery of the institution, perpetrated by whatever means, and not penalizing the robbery of each individual teller").

ing that the intent of the statute in this regard is not perfectly clear, the Supreme Court has held that, unless a statutory intent to permit multiple punishments is stated "clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." [Emphasis in original; citations omitted.]

Consistent with this Court's prior determination in *Witt*[16] and *Thomas*[17] of the interests the bank robbery statute is intended to protect, we adopt the reasoning in *Canty* of the federal Court of Appeals for the District of Columbia. We believe that the legislative intent of the bank robbery statute is that a defendant cannot be convicted of two bank robbery offenses under the circumstances of this case. As in *Canty,* the crime involved here is *bank* robbery, and it is clear that there was only one transaction and only one bank robbed.

We conclude that a defendant cannot be convicted of more than one bank robbery offense for taking money from multiple tellers during one robbery of a single bank. Consequently, one of defendant's bank robbery convictions and the sentence imposed for that conviction are vacated.

Defendant also asks that this matter be remanded for resentencing with respect to the valid bank robbery conviction. However, our review of the record does not reveal that the invalid conviction played any part in the sentence imposed for the valid conviction.[18] Therefore, we decline to remand for resentencing.

We vacate defendant's conviction and sentence

---

[16] See n 11, *ante.*

[17] See n 11, *ante.*

[18] See *People v Holt,* 54 Mich App 60, 63-64; 220 NW2d 205 (1974). See also, e.g., *People v Johnson,* 176 Mich App 312, 315; 439 NW2d 345 (1989); *People v Allay,* 171 Mich App 602, 611-612; 430 NW2d 794 (1988); *People v Dickens,* 144 Mich App 49; 373 NW2d 241 (1985).

with respect to one bank robbery charge. We affirm defendant's other bank robbery conviction and attendant sentence.

Affirmed as modified.