PEOPLE v GREEN

Docket No. 133442. Submitted August 4, 1992, at Detroit. Decided November 2, 1992, at 9:35 A.M. Leave to appeal sought.

Donald M. Green was convicted by a jury in the Recorder's Court of Detroit, Terrance K. Boyle, J., of separate counts of possession of less than twenty-five grams of cocaine and possession of less than twenty-five grams of heroin. The defendant appealed, claiming that his separate convictions and sentences for the possession of the two different controlled substances violated his constitutional guarantee against double jeopardy because they constituted multiple convictions arising out of a single act of possession.

The Court of Appeals *held:*

1. The language of the controlled substances statute evidences a clear legislative intent that each possession of each different type of controlled substance be treated as a separate crime and be punished separately. Because the Legislature intended separate punishments, there is no violation of double jeopardy guarantees.

2. Because the defendant failed to object to the jury instructions, appellate review is waived absent a determination of manifest injustice.

Affirmed.

CRIMINAL LAW — CONTROLLED SUBSTANCES — MULTIPLE PUNISHMENT — DOUBLE JEOPARDY.

Separate convictions of possession of cocaine and possession of heroin do not violate the constitutional guarantee against double jeopardy where the convictions arise out of a single instance of possessing the two substances; the provisions making criminal the possession of controlled substances evidence a clear intent by the Legislature that each possession of each different type of controlled substance is a separate crime that is to be separately punished (MCL 333.7403; MSA 14.15[7403]).

*Frank J. Kelley,* Attorney General, *Thomas L.*

REFERENCES

Am Jur 2d, Criminal Law §§ 268, 279.
See the ALR Index under Criminal Law; Double Jeopardy.

*Casey,* Solicitor General, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

*David N. Smokler,* for the defendant on appeal.

Before: CORRIGAN, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

MICHAEL J. KELLY, J. Following a jury trial, defendant was convicted of possession of less than twenty-five grams of cocaine and possession of less than twenty-five grams of heroin, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). He was sentenced to concurrent terms of one to four years' imprisonment and now appeals as of right.

Defendant's first claim is an issue of first impression in Michigan. He argues that his conviction of two counts of possession of a controlled substance arising out of a "single act" of possessing trace amounts of cocaine and heroin violates the constitutional guarantee of double jeopardy. We hold that because defendant committed two separate criminal offenses, possession of less than twenty-five grams of cocaine and possession of less than twenty-five grams of heroin, his right not to be placed twice in jeopardy was not violated by his multiple drug convictions.

Both the United States and Michigan Constitutions prohibit placing a defendant twice in jeopardy for a single offense. US Const, Am V; Const 1963, art 1, § 15; *People v Sturgis,* 427 Mich 392, 398-399; 397 NW2d 783 (1986); *People v Shipe,* 190 Mich App 629, 631; 476 NW2d 490 (1991). Not only do these guarantees protect a defendant against successive prosecutions for the same offense, but also they protect a defendant against multiple

punishments for the same offense. *Sturgis, supra* at 398; *Shipe, supra* at 631.

The dispositive question in this case is whether the Legislature intended that two convictions might result under § 7403(2)(a)(v) for the simultaneous possession of two prohibited substances. *People v Wakeford*, 418 Mich 95, 111; 341 NW2d 68 (1983); *Shipe, supra* at 631. The relevant statutory provision, MCL 333.7403; MSA 14.15(7403), provides in pertinent part:

> (1) A person shall not knowingly or intentionally possess a controlled substance . . . unless the controlled substance . . . was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.
>
> (2) A person who violates this section as to:
>
> (a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv), and:
>
> * * *
>
> (v) Which is in an amount less than 25 grams of any mixture containing that controlled substance is guilty of a felony, punishable by imprisonment for not more than four years or a fine of not more than $25,000, or both.

We believe that the above statutory language supports multiple punishments where a defendant simultaneously possesses more than one type of controlled substance proscribed by the statute. It is clear from the language employed in § 7403 that the Legislature intended the imposition of criminal liability to turn on the consideration of two separate factors. The first factor is the amount of a controlled substance possessed, as evidenced by the punishment provisions that authorize the imposi-

tion of increasingly severe punishments as the amount of controlled substance possessed increases. MCL 333.7403(2)(a)(i-v); MSA 14.15(7403) (2)(a)(i-v). The second factor is the type of controlled substance possessed. Like the armed robbery statute construed in *Wakeford,* the present statutory provisions consistently refer to the contraband in a singular form: "a controlled substance," "the controlled substance," "a narcotic drug," "that controlled substance." Additionally, the Legislature's use of the phrase "any mixture containing that controlled substance" suggests to us that the Legislature intended that punishment be imposed on the basis of the amount of a specific controlled substance possessed, with the implication being that possession of different types of controlled substances warrants punishment for each particular controlled substance possessed.

In light of the foregoing, we hold that the statute permits multiple charges and convictions under the circumstances of this case. Accordingly, defendant's convictions for possession of cocaine and for possession of heroin do not violate defendant's right not to be placed twice in jeopardy.

Defendant next argues that the trial court erred in instructing the jury that the amount of the controlled substance seized was irrelevant to the jury's determination of guilt or innocence. Defendant's failure to object to the jury instruction waives appellate review absent manifest injustice. *People v Johnson,* 187 Mich App 621, 628; 468 NW2d 307 (1991). We believe that manifest injustice will not result from our failure to review this issue, and, therefore, appellate review is foreclosed.

Affirmed.