# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TALISHA MOORE,

        Defendant-Appellant.

UNPUBLISHED
March 24, 2015

No. 319445
Oakland Circuit Court
LC No. 2012-242828-FH

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Defendant, Talisha Moore, appeals as of right her convictions of manufacturing 200 or more marijuana plants, MCL 333.7401(2)(d)(*i*), possession with intent to deliver 5 or more but less than 45 kilograms of marijuana, MCL 333.7401(2)(d)(*ii*), and two counts of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, following a jury trial. The trial court sentenced Moore to pay a $300 fine for each of her marijuana convictions and to serve concurrent terms of two years' imprisonment for her felony-firearm convictions. We affirm.

## I. FACTS

On July 26, 2012, utility theft investigator Michael Howe went to a home on Tamarron Drive in Commerce Township to investigate a potential utility theft. According to Howe, the home's blinds were closed, large black plastic garbage bags partially covered the basement windows, and the utility meter had been tampered with. Howe testified that he saw a silver Jeep Wrangler in the home's driveway and marijuana plants growing in the basement.

Police obtained a warrant and searched the home on July 27, 2012. Officers found Lionell Hicks in the home. They also found a digital scale, plastic bags, a blender, jars, drying racks, food sealers, and garbage bags containing marijuana stems and leaves. Overall, officers found 799 marijuana plants and about 14.5 kilograms of processed marijuana in the home. Detective Kurt Bearer opined that it would have taken at least 60 days for the marijuana buds to become mature enough to harvest. Officers found a loaded .45 caliber pistol inside a shoebox in the master bedroom closet, as well as female clothing and mail addressed to Moore at both the Tamarron address and a different address.

-1-

Dr. Jerry Zayid testified that he owned the house and had rented it to Moore and Hicks since December 2009. Dr. Zayid testified that he received the rent in person from Moore each month, and that Moore had paid the July 2012 rent.

## II. DOUBLE JEOPARDY

Moore contends that her separate convictions of manufacturing marijuana and possession with intent to deliver arising from the single drug operation in the house violated her right against double jeopardy. We disagree.

Both the Michigan and United States Constitutions prohibit the state from subjecting a defendant to multiple punishments for the same offense. US Const, Am V; Const 1963, art 1, § 15; *People v Smith*, 478 Mich 292, 299; 733 NW2d 351 (2007). Generally, this Court reviews de novo issues of constitutional law. *People v Ream*, 481 Mich 223, 226; 750 NW2d 536 (2008). To preserve an issue, the appellant must challenge it before the trial court. *People v Kimble*, 470 Mich 305, 309; 684 NW2d 669 (2004). Moore's double jeopardy issue is not preserved because she failed to raise it before the trial court. This Court reviews unpreserved issues for plain error affecting a defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An error is plain if it is clear or obvious, and it affects the defendant's substantial rights if it affected the outcome of the lower court proceedings. *Id*.

MCL 333.7401(1)(d) prohibits, among other things, a person from manufacturing a controlled substance or possessing a controlled substance with the intent to distribute it. It further provides penalties for such conduct:

(d) Marihuana or a mixture containing marihuana is guilty of a felony punishable as follows:

(*i*) If the amount is 45 kilograms or more, or 200 plants or more, by imprisonment for not more than 15 years or a fine of not more than $10,000,000.00, or both.

(*ii*) If the amount is 5 kilograms or more but less than 45 kilograms, or 20 plants or more but fewer than 200 plants, by imprisonment for not more than 7 years or a fine of not more than $500,000.00, or both.

(*iii*) If the amount is less than 5 kilograms or fewer than 20 plants, by imprisonment for not more than 4 years or a fine of not more than $20,000.00, or both. [MCL 333.7401(d).]

Moore contends that this Court should apply the *Blockburger*[1] test to determine whether her convictions violated her right against double jeopardy. We conclude that the *Blockburger* test is not the appropriate test to apply in this case.

---

[1] *Blockburger v United States*, 284 US 299, 304; 52 S Ct 180; 76 L Ed 306 (1932).

Courts apply the *Blockberger* test when a defendant's conduct violates two different statutes. *People v Wakeford*, 418 Mich 95, 106-107; 341 NW2d 68 (1983). But when the dispositive question is whether the Legislature intended two convictions to result from a single statute, it presents a "unit of prosecution" issue. *Id*. at 111. The question is whether the Legislature intended a single criminal transaction to give rise to multiple convictions. *Id*. at 112.

This Court considered a different provision of a similar statute in *People v Green*, 196 Mich App 593; 493 NW2d 478 (1992). In that case, a panel of this Court concluded that a person could receive two different convictions for possessing two different controlled substances. *Id*. at 595. We reasoned that the Legislature's choice of language "turn[ed] on the consideration of two separate factors[,]" the amount of the substance and the type of substance possessed. *Id*. at 595-596. The Legislature intended that "possession of different types of controlled substances warrants punishment for each particular controlled substance possessed." *Id*. at 596.

This case is similar to *Green*. MCL 333.7401(d) explicitly refers to two different types: kilograms and plants. It is clear from the statute that the Legislature contemplated that a defendant could possess different types of marijuana. And the Legislature joined these types of marijuana with the word "or": a disjunctive word that prohibits *either* action. See *People v Kowalski*, 489 Mich 488, 499 n 11; 803 NW2d 200 (2011). As in *Green*, we conclude that the Legislature intended that possession of these different kinds of marijuana warranted punishment for each type that a person possessed and allowed the prosecutor to charge a defendant separately for actions involving different types of marijuana.

In this case, the prosecutor charged Moore with the manufacture of more than 200 marijuana plants and possession with intent to distribute about 14.5 kilograms of processed marijuana. The prosecutor's charging decision did not double-count amounts of types of marijuana, but it instead divided the types of marijuana as the statute expressly contemplates. Further, the prosecutor charged Moore with distinct conduct related to the different types of marijuana: it charged Moore with manufacturing the plants and possession with intent to distribute the processed kilograms. We conclude that Moore's conviction of two types of marijuana crime did not violate double jeopardy principles.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

Moore contends that defense counsel provided her with ineffective assistance at trial because counsel failed to present evidence that Moore was not living at the Tamarron home when the officers raided it. We disagree.

A criminal defendant has the fundamental right to effective assistance of counsel. US Const, Am VI; Const 1963, art 1, § 20. Generally, this Court reviews for clear error the trial court's findings of fact and reviews de novo questions of law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). But a defendant must move the trial court for a new trial or evidentiary hearing to preserve his or her claim that counsel was ineffective. *People v Unger*, 278 Mich App 210, 242; 749 NW2d 272 (2008). When the trial court has not conducted a hearing, our review is limited to mistakes apparent from the record. *People v Gioglio (On Remand)*, 296 Mich App 12, 20; 815 NW2d 589 (2012).

To prove that his defense counsel was not effective, the defendant must show that (1) defense counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that counsel's deficient performance prejudiced the defendant. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984); *People v Pickens*, 446 Mich 298, 302-303; 521 NW2d 797 (1994). Defense counsel may be ineffective for failing to reasonably investigate and pursue a defendant's substantial defenses. See *Strickland*, 466 US at 691. But the defendant must overcome the strong presumption that defense counsel's performance constituted sound trial strategy. *Id*. at 690; *People v Odom*, 276 Mich App 407, 415; 740 NW2d 557 (2007). Defense counsel's decisions to call and investigate witnesses are matters of trial strategy. *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008). This Court will not substitute its judgment for that of defense counsel, or review this issue with the benefit of hindsight. *Odom*, 276 Mich App at 415.

In this case, defense counsel called Danielle Jones to testify at Moore's preliminary hearing. At the preliminary hearing, Jones testified that she leased Moore a different house in Detroit in June 2012. Jones testified that she had observed Moore move boxes and personal items into the Detroit house on June 1, 2012. Jones also testified that she observed that Moore had changed her address on her driver's license to the Detroit address on June 14, 2012. Counsel did not call Jones to testify at trial.

We conclude that counsel's decision not to call Jones to testify at trial was not objectively unreasonable. First, it is not clear that Jones's testimony would have helped Moore. Jones testified that Moore moved items into the Detroit house on June 1, 2012. Officers searched the home on July 27, 2012. Detective Bearer testified that it takes 60 days for marijuana plants to reach harvest. Various ages of marijuana plants were found in the house, and some had already been harvested and processed. Accordingly, counsel may have determined that Jones's testimony was potentially incriminating. Second, there was other evidence presented at trial that Moore resided at a second address, including that Moore's vehicle was registered to another address and mail was sent to Moore at another address. There was evidence from which counsel could, and did, argue that Moore did not reside at the Tamarron address.

Further, even were we to conclude that counsel's performance was deficient, we are not convinced that counsel's failure to present Jones as a witness would have affected the outcome of the trial. As discussed previously, Jones's evidence that Moore no longer lived at the Tamarron address would have been merely cumulative to evidence that Moore did not reside at the Tamarron address when police raided it. Nor was Moore's residence an actual element of the offense. Rather, it was only one fact that tended to establish Moore's identity. We conclude that Moore has not demonstrated that it was reasonably probable that, had counsel presented Jones's testimony at trial, the result of the proceeding would have been different.

## IV. SUFFICIENCY OF THE EVIDENCE

In her pro-se supplemental brief filed pursuant to Michigan Supreme Court Order 2004-6, Standard 4, Moore contends that the evidence was not sufficient to support her felony-firearm convictions because she was not near the firearm when police raided the home. We disagree.

A claim that the evidence was insufficient to convict a defendant invokes that defendant's constitutional right to due process of law. *People v Wolfe*, 440 Mich 508, 514; 489 NW2d 748 (1992). Thus, this Court reviews de novo a defendant's challenge to the sufficiency of the evidence supporting his or her conviction. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). We review the evidence in a light most favorable to the prosecutor to determine whether a rational trier of fact could find that the prosecutor proved the crime's elements beyond a reasonable doubt. *Wolfe*, 440 Mich at 514. Circumstantial evidence and reasonable inferences arising from that evidence can prove the elements of a crime. *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008).

"The elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). The question is whether the defendant possessed the firearm at the time he or she committed the felony. *People v Burgenmeyer*, 461 Mich 431, 439; 606 NW2d 645 (2000). A defendant need only constructively possess a firearm to establish the possession element of the crime. *People v Hill*, 433 Mich 464, 470; 446 NW2d 140 (1989). A defendant constructively possesses a firearm when the defendant knows the location of the firearm and it is reasonably accessible to the defendant. *People v Johnson*, 293 Mich App 79, 82-83; 808 NW2d 815 (2011). A defendant possesses a firearm while committing a drug offense if "[t]he drugs and the weapons were close enough that a jury reasonably could conclude that the defendant possessed both at the same time[.]" See *Burgenmeyer*, 461 Mich at 440.

In this case, Moore paid rent on the home for July 2012, and her vehicle was present at the home the day before officers executed the search warrant. Officers found the gun inside a bedroom closet that also contained documents addressed to Moore, women's clothing, and a purse with mail addressed to Moore. Inside a second closet in the same room, officers found a bag of marijuana and an envelope of cash. The basement of the home contained 799 marijuana plants. Viewing this evidence in the light most favorable to the prosecutor, we conclude that the jury could reasonably infer that Moore constructively possessed the firearm while manufacturing and possessing the marijuana.

Affirmed.

/s/ Mark T. Boonstra
/s/ David H. Sawyer
/s/ Peter D. O'Connell