PEOPLE v CLINE

Docket No. 128945. Submitted April 16, 1991, at Lansing. Decided June 18, 1991 at 9:00 A.M. Leave to appeal sought.

Chad M. Cline pleaded guilty in the Eaton Circuit Court of two counts of delivery of less than fifty grams of cocaine. The court, Richard M. Shuster, J., sentenced the defendant to two consecutive terms of imprisonment for five to twenty years. The defendant appealed, claiming that the sentences should have been concurrent.

The Court of Appeals *held:*

MCL 333.7401(3); MSA 14.15(7401)(3) provides that a term of imprisonment imposed following a conviction of the unlawful manufacture, delivery, or possession of a controlled substance must run consecutively with any term of imprisonment imposed for the commission of another felony. The trial court in this case was authorized under the statute to impose consecutive sentences because the initial delivery was a felony and the subsequent delivery was an additional felony.

Affirmed.

CRIMINAL LAW — CONTROLLED SUBSTANCES — SENTENCES.

A defendant who in one proceeding involving a single information pleads guilty of two separate felony counts of unlawful manufacture, delivery, or possession of a controlled substance properly may be sentenced to consecutive terms of imprisonment (MCL 333.7401[3]; MSA 14.15[7401][3]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *G. Michael Hocking,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Scodeller, DeLuca & Schober* (by *Henry W. Schober*), for the defendant.

REFERENCES

Am Jur 2d, Criminal Law § 552.

See the Index to Annotations under Concurrent and Consecutive Sentences.

Before: SAWYER, P.J., and MARILYN KELLY and NEFF, JJ.

PER CURIAM. Defendant pled guilty of two counts of delivery of less than fifty grams of cocaine. MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Defendant was sentenced for the convictions to two consecutive terms of five to twenty years in prison. Defendant now appeals and we affirm.

Defendant's sole argument on appeal is that the trial court erred in imposing consecutive sentences rather than concurrent sentences. MCL 333.7401(3); MSA 14.15(7401)(3) provides that any term of imprisonment imposed under subsection 2(a) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of "another felony." Defendant argues that that provision is inapplicable to the case at bar because the violations, which were committed on two consecutive days, were charged in the same information and were pled to simultaneously at a single plea proceeding. We disagree. The first delivery constituted a felony and the second delivery constituted another felony. Consequently, the trial court was authorized to impose consecutive sentences under the statute.

Affirmed.