PEOPLE v MAMON

Docket Nos. 124941, 124947. Submitted March 6, 1991, at Detroit. Decided April 8, 1991; approved for publication June 20, 1991, at 9:20 A.M.

Corey L. Mamon pleaded guilty in the Macomb Circuit Court of receiving and concealing stolen property over $100. The defendant subsequently pleaded guilty of another count of receiving and concealing stolen property over $100 and of one count of delivery of less than fifty grams of cocaine. The offenses were committed while the defendant was free on bond pending the disposition of unrelated cases in Wayne County. The court, Raymond R. Cashen, J., sentenced the defendant to two to five years' imprisonment for each of the receiving and concealing convictions, to be served concurrently with each other but consecutively to his sentences from Wayne County. The court also sentenced the defendant to four to twenty years' imprisonment for the delivery conviction, to be served consecutively to the sentences for the receiving and concealing convictions and the sentences from Wayne County. The defendant appealed, claiming that the trial court improperly ordered his sentence for the delivery conviction to run consecutively to the sentences for the receiving and concealing convictions.

The Court of Appeals *held*:

Sentencing for the delivery conviction is governed by MCL 333.7401(3); MSA 14.15(7401)(3), which provides that a sentence imposed for the unlawful delivery of a controlled substance is to run consecutively with any term of imprisonment imposed for the commission of another felony. The defendant was properly sentenced.

Affirmed.

*Carl J. Marlinga,* Prosecuting Attorney, *Robert J. Berlin,* Chief Appellate Lawyer, and *Laura M. Zawisa,* Assistant Prosecuting Attorney, for the people.

*Sean M. Taylor,* for the defendant on appeal.

Before: McDONALD, P.J., and MacKENZIE and WAHLS, JJ.

PER CURIAM. Defendant pleaded guilty of one count of receiving and concealing stolen property over $100, MCL 750.535; MSA 28.803. The offense was committed on January 24, 1989, while defendant was on bond pending disposition of two unrelated cases in Wayne County. Defendant later pleaded guilty of another count of receiving and concealing stolen property over $100 and one count of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). These offenses were committed on January 23, 1989—again, while defendant was on bond. Defendant was sentenced to two to five years' imprisonment for each of the two receiving and concealing convictions, the terms to be served concurrently with each other but consecutively to his Wayne County sentences. Defendant was also sentenced to four to twenty years' imprisonment for the delivery conviction, to be served consecutively to his receiving and concealing sentences and consecutively to his Wayne County sentences. Defendant now appeals as of right. We affirm.

Defendant's sole claim on appeal is that the trial court improperly ordered his sentence for delivery of cocaine to run consecutively to his sentences for receiving and concealing stolen property. In support of this claim, defendant relies on MCL 768.7b; MSA 28.1030(2), which provides for consecutive sentences where a felony is committed pending the disposition of another felony. At the time the delivery of cocaine occurred, defendant had not yet been charged for either of the receiving and concealing offenses.

This argument ignores MCL 333.7401(3); MSA 14.15(7401)(3), which provides that a sentence im-

posed for delivery "shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony." This statute clearly mandates that defendant's sentence for delivery be served consecutively to his sentence for receiving and concealing. Defendant's sentence was proper.

We reject defendant's suggestion that MCL 768.7b; MSA 28.1030(2) and MCL 333.7401(3); MSA 14.15(7401)(3) are ambiguous. The statutes address separate and distinct situations. MCL 768.7b; MSA 28.1030(2) governs where a defendant commits a felony, including a controlled substance offense, while other felony proceedings are pending. MCL 333.7401(3); MSA 14.15(7401)(3) governs where a defendant commits a controlled substance offense and another felony, irrespective of the pendency of other charges. Contrary to defendant's argument, the statutes are neither conflicting nor unclear. Resentencing is not required.

Affirmed.