PEOPLE v FLUKER

Docket Nos. 131295, 131513, 131517. Submitted October 21, 1992, at Detroit. Decided December 7, 1992, at 9:30 A.M. In lieu of granting leave to appeal, the judgment of the Court of Appeals is reversed, and the judgment of the Oakland Circuit Court is reinstated, 442 Mich —.

Reuben Fluker was convicted by a jury in the Oakland Circuit Court in four separate cases consolidated for trial before Frederick C. Ziem, J., of three counts of delivering 50 or more, but less than 225, grams of cocaine and one count of delivering 650 or more grams of cocaine. He was sentenced to ten to twenty years' imprisonment for one conviction of delivering 50 or more, but less than 225 grams, of cocaine, David F. Breck, J. He was also sentenced to two identical sentences for the other two convictions of delivering 50 or more, but less than 225, grams of cocaine, Hilda R. Gage, J. He was sentenced to mandatory life imprisonment without parole for his conviction of delivering 650 or more grams of cocaine, John N. O'Brien, J. The sentences were ordered to be served concurrently. The defendant filed three separate appeals. The appeals were consolidated.

The Court of Appeals *held:*

1. The mandatory life sentence without the possibility of parole for delivering 650 or more grams of cocaine constitutes cruel or unusual punishment under the Michigan Constitution. The sentence is modified to provide that the defendant, upon completion of ten calendar years of his sentence, will become subject to the jurisdiction of the parole board and eligible for parole consideration in accordance with MCL 791.234(4)(a)-(d),(5); MSA 28.2304(4)(a)-(d),(5).

2. The defendant's argument that he was not permitted to explain his reason for absconding after posting bond is without merit.

Convictions affirmed. The sentence for the conviction of delivering 650 or more grams of cocaine is modified.

REFERENCES

Am Jur 2d, Criminal Law § 630; Drugs, Narcotics, and Poisons § 48.
Validity of state statute imposing mandatory sentence or prohibiting granting of probation or suspension of sentence for narcotics offenses. 81 ALR3d 1192.

CONTROLLED SUBSTANCES — CONSTITUTIONAL LAW — SENTENCES —
    CRUEL OR UNUSUAL PUNISHMENT — MANDATORY LIFE IMPRISON-
    MENT.

The statutory penalty of mandatory life in prison without the
    possibility of parole for delivering 650 or more grams of cocaine
    constitutes cruel or unusual punishment under the Michigan
    Constitution (Const 1963, art 1, § 16; MCL 333.7401[2][a][i];
    MSA 14.15[7401][2][a][i]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Richard Thompson,* Prosecuting Attorney, *Michael J. Modelski,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), and *Michael J. McCarthy, P.C.* (by *Michael J. McCarthy*), for the defendant on appeal.

Before: REILLY, P.J., and MICHAEL J. KELLY and CAVANAGH, JJ.

MICHAEL J. KELLY, J. Following a jury trial, defendant was convicted of three counts of delivering 50 or more, but less than 225, grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and one count of delivering 650 or more grams of cocaine. MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i). Defendant was sentenced to three concurrent terms of ten to twenty years' imprisonment for his convictions of delivering 50 or more, but less than 225, grams of cocaine. For his conviction of delivering 650 or more grams of cocaine, defendant was sentenced to mandatory life imprisonment without parole. Defendant appeals as of right, claiming that his mandatory life sentence constitutes cruel or unusual punishment, contrary to the Eighth Amendment of the United States Constitution, US Const, Am VIII, and article 1, § 16 of the Michigan Constitution (Const

1963, art 1, § 16). We hold that defendant's mandatory life sentence without the possibility of parole constitutes cruel or unusual punishment under the Michigan Constitution.

We acknowledge that this Court has previously held that the mandatory life term imposed for this offense does not constitute cruel or unusual punishment. See *People v Harding,* 163 Mich App 298, 330; 413 NW2d 777 (1987) (HOLBROOK, JR., P.J., dissenting), vacated on other grounds 430 Mich 859 (1988); *People v Harman,* 124 Mich App 93, 101-106; 333 NW2d 591 (1983) (MICHAEL J. KELLY, J., concurring in part and dissenting in part), and the cases cited therein. However, in light of our Supreme Court's recent decision in *People v Bullock,* 440 Mich 15; 485 NW2d 866 (1992), we are convinced that those cases were wrongly decided.

The penalty provision at issue in this case has been the subject of continuing controversy at the federal and state levels. The federal dispute culminated in *Harmelin v Michigan,* 501 US —; 111 S Ct 2680; 115 L Ed 2d 836 (1991), in which a majority of the Supreme Court, albeit grudgingly, approved the draconian punishment scheme. The *Harmelin* Court rejected the claim that the mandatory life-imprisonment provision of the possession statute, MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), violates the prohibition against cruel *and* unusual punishment under the Eighth Amendment of the federal constitution. The Michigan controversy culminated in *Bullock, supra,* in which the Court concluded that the penalty of mandatory life imprisonment without parole for possession, under MCL 333.7403(2)(a)(i); MSA 14.15(7403)(2)(a)(i), constitutes cruel *or* unusual punishment, in the disjunctive, under the Michigan Constitution. We think the same rationale applies to the mandatory punishment for delivery.

Even though the *Bullock* decision did not specifically address the constitutionality of the penalty scheme for manufacturing, delivering, or possessing with the intent to deliver 650 grams or more of a controlled substance under § 7401(2)(a)(i), we hold that the punishment under the statute for delivery of over 650 grams of cocaine, mandatory life imprisonment, is cruel or unusual punishment with regard to this defendant for the very reasons set forth by the Supreme Court in *Bullock.* We see no reason to repeat views that are exhaustively reported elsewhere. See, for example, the dissenters' opinions in *Harmelin, supra.*

We affirm defendant's convictions. However, following the Michigan Supreme Court's lead, we strike down that portion of the statute denying parole consideration, and order that defendant, upon completion of ten calendar years of his sentence, become subject to the jurisdiction of the parole board and eligible for parole consideration in accordance with MCL 791.234(4)(a)-(d), (5); MSA 28.2304(4)(a)-(d), (5). *Bullock, supra* at 42-43.

Defendant also argues that he was not allowed to testify regarding why he absconded after posting bond. The record reflects that defendant testified three times at trial that he fled because he feared spending the rest of his life in prison. Therefore, defendant's argument that he was not permitted to explain his reason for absconding is meritless.

Convictions affirmed. The sentence for the conviction of delivering 650 or more grams of cocaine is modified.