PEOPLE v HADLEY

Docket No. 139375. Submitted September 24, 1992, at Lansing. Decided April 5, 1993, at 9:30 A.M. Leave to appeal sought.

Robert B. Hadley pleaded guilty in the Eaton Circuit Court, Thomas S. Eveland, J., of one count of possession with intent to deliver more than 50 but less than 225 grams of the controlled substance pethidine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and one count of possession with intent to deliver less than 50 grams of morphine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). The offenses arose from the same transaction. The court sentenced him to consecutive sentences of ten to twenty years for the pethidine offense and one to twenty years for the morphine offense pursuant to MCL 333.7401(3); MSA 14.15(7401)(3). The defendant appealed.

The Court of Appeals held:

1. Any error defense counsel may have committed in not advising the defendant that his plea must be conditional to allow for appellate review of the search and seizure issue raised on appeal would not constitute ineffective assistance of counsel because it was not prejudicial to the defendant. Exigent circumstances existed to justify the search without a warrant and the subsequent seizure of evidence.

2. Application of the consecutive sentencing provision of MCL 333.7401(3); MSA 14.15(7401)(3) in this case did not violate the constitutional prohibition regarding double jeopardy. Multiple punishment for two separate violations of two subdivisions of the same controlled substances statute arising out of the same criminal transaction does not violate the constitutional double jeopardy guarantee where, as in this case, the statute supports the imposition of multiple punishments.

3. The Court, were it not bound by Administrative Order No. 1990-6, would find that although each of the defendant's sentences was within the guidelines recommendation, and there-

REFERENCES

Am Jur 2d, Criminal Law §§ 266, 474, 539, 552, 748, 985; Searches and Seizures §§ 36, 76.

Adequacy of defense counsel's representation of criminal client regarding guilty pleas. 10 ALR4th 8.

fore is presumptively valid, the trial court abused its sentencing discretion under *People v Milbourn,* 435 Mich 630 (1990), in sentencing the defendant to consecutive sentences. The amount of time that the defendant must serve is not proportionate to what he did. However, binding Court of Appeals precedent in *People v Warner,* 190 Mich App 734 (1991), holding that the cumulative nature of a defendant's sentences is irrelevant to the determination whether his sentences are excessive, requires that the sentences be affirmed.

Affirmed pursuant to Administrative Order No. 1990-6.

MICHAEL J. KELLY, P.J., dissenting, stated that MCL 333.7401(3); MSA 14.15(7401)(3) was not intended to apply in a case such as this in which the defendant was convicted under different subsections of the same statute and the convictions arose as a result of the same transaction and occurrence. However, if the statute was meant to apply, *Warner* was wrongly decided.

1. CRIMINAL LAW — GUILTY PLEAS — ASSISTANCE OF COUNSEL.

When reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, courts must determine whether the plea was tendered voluntarily and understandingly; the question is not whether the court, in retrospect, would consider counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases; mistaken advice by defense counsel does not constitute ineffective assistance of counsel where the mistake is not prejudicial to the defendant.

2. SEARCHES AND SEIZURES — WITHOUT WARRANTS — IMPOUNDMENT OF PREMISES — EXIGENT CIRCUMSTANCES.

Police officers may enter a residence without a warrant for the purpose of securing the premises pending the issuance of a warrant where exigent circumstances justify the entry; exigent circumstances exist where the police have probable cause to believe that an immediate search will produce specific evidence of a crime and that an immediate search without a warrant is necessary in order to protect the officers or others, or to prevent the escape of the accused.

3. SENTENCES — CONSECUTIVE SENTENCES — "ANOTHER FELONY".

A consecutive sentence may be imposed for convictions for two separate controlled substance violations that are punishable by different subsections of the same statute and that arise out of the same criminal transaction; the term "another felony" in the consecutive sentencing provision may be interpreted to

include an additional felony punishable by a different subsection of the same statute (MCL 333.7401[3]; MSA 14.15[7401][3]).

4. CRIMINAL LAW — CONTROLLED SUBSTANCES — MULTIPLE PUNISHMENT — DOUBLE JEOPARDY.

Multiple punishment for two separate controlled substance offenses arising out of the same transaction that are punishable by different subsections of the same statute do not place the defendant twice in jeopardy for the same offense (MCL 333.7401[2]; MSA 14.15[7401][2]).

5. SENTENCES — CONSECUTIVE SENTENCES — PROPORTIONALITY.

Where a defendant's consecutive sentences are challenged on appeal as excessive, each sentence is individually reviewed to determine if it is proportionate; the cumulative nature of the sentences is irrelevant to the determination whether the sentences are excessive.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Jeffrey L. Sauter,* Prosecuting Attorney, and *William M. Worden,* Assistant Prosecuting Attorney, for the people.

*Wilson, Lawler & Lett* (by *Steven T. Lett*), for the defendant on appeal.

Before: MICHAEL J. KELLY, P.J., and SHEPHERD and FITZGERALD, JJ.

SHEPHERD, J. Defendant pleaded guilty of one count of possession with intent to deliver more than 50 but less than 225 grams of the controlled substance pethidine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), and one count of possession with intent to deliver less than 50 grams of morphine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv). Pursuant to a plea agreement, the prosecutor dismissed six counts involving controlled substances, an habitual offender information, and an absconding charge. Initially, defendant was sentenced to concurrent terms of ten to twenty years for the pethidine offense and one to twenty

years for the morphine offense. After defendant was returned to the courtroom to correct the number of days of credit due, the trial court changed the sentences to run consecutively on the basis of *People v Grover,* unpublished opinion per curiam of the Court of Appeals, decided November 7, 1990 (Docket No. 125071), where the panel held that consecutive sentencing was properly imposed pursuant to MCL 333.7401(3); MSA 14.15(7401)(3) in a case where the defendant pleaded guilty of two controlled substance offenses arising from the same transaction. Defendant now appeals as of right.

Defendant first claims that he was denied effective assistance of counsel because his defense counsel failed to advise him at the time of the guilty plea that his plea must be conditional to permit an appeal of a search and seizure question.

When reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, courts apply the test set forth in *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), in light of *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), and *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973). *In re Oakland Co Prosecutor,* 191 Mich App 113, 120-122; 477 NW2d 455 (1991). To establish ineffective assistance in the context of a guilty plea, courts must determine whether the defendant tendered a plea voluntarily and understandingly. *Id.,* p 120. The question is not whether a court would, in retrospect, consider counsel's advice to be right or wrong, but whether the advice was within the range of competence demanded of attorneys in criminal cases. *Id.,* p 122.

In the instant case, we cannot say whether defense counsel's failure to advise defendant that his guilty plea must be conditional to allow for

appellate review of a search and seizure matter constitutes an error that was so serious that counsel was not functioning as an attorney as guaranteed under the Sixth Amendment. Defense counsel's decision to forego a conditional plea may have constituted sound plea negotiation strategy, and appears to be advice that is within the range of competence required of criminal defense attorneys. But even if defense counsel committed an error in not advising defendant of the possibility of a conditional plea, we do not believe that the deficiency constituted ineffective assistance of counsel, because the mistake was not prejudicial to defendant. *Id.*

Defense counsel's alleged error was not prejudicial to defendant because exigent circumstances existed to justify the search without a warrant and subsequent seizure of evidence in this case. US Const, Am IV; Const 1963, art 1, § 11; *People v Blasius,* 435 Mich 573, 582; 459 NW2d 906 (1990). The exigent circumstances exception applies where the police have probable cause to believe that an immediate search will produce specific evidence of a crime, and that an immediate search without a warrant is necessary in order to protect the officers or others, or to prevent the escape of the accused. *Id.,* pp 593-594; *People v Davis,* 189 Mich App 468, 474; 473 NW2d 748 (1991). Probable cause to search is present where the facts and circumstances warrant a reasonably prudent person to believe that a crime has been committed and that the evidence sought to be found is in a stated place. *Id.,* p 475. Whether probable cause exists depends upon the information known to the police officers at the time of the search. *Id.*

In this case, police officers entered defendant's house without a warrant at approximately 8:30 P.M. on August 5, 1986, because immediate action

was necessary to prevent the loss or destruction of contraband drugs. As the trial court determined at two suppression hearings, the police did not have time to get a search warrant because of the degree of urgency involved and the amount of time it took to obtain a warrant. The record reveals that it took from 9:00 P.M. on August 5, 1986, to 3:00 A.M. on August 6, 1986, until a magistrate signed a search warrant. Upon entry, the police searched the house to determine if anyone was present who could present a danger to the police officers. The police did not seize any evidence until they obtained the search warrant. Given the facts of this case, we believe that exigent circumstances justified the entry of defendant's residence without a warrant. Because there is no merit to defendant's claim that the evidence obtained pursuant to the subsequent search warrant should be suppressed, we conclude that even if defense counsel failed to advise defendant of the possibility of a conditional plea, this error did not constitute ineffective assistance of counsel.

Defendant also claims that the consecutive sentencing provision of MCL 333.7401(3); MSA 14.15(7401)(3) does not apply in this case, where defendant's offenses violated different subsections of the same statute, MCL 333.7401(2)(a)(iii) and (iv); MSA 14.15(7401)(2)(a)(iii) and (iv), because the offenses were committed during only one transaction and occurrence. We disagree.

A consecutive sentence may be imposed if specifically authorized by statute. *People v Waterman,* 140 Mich App 652, 653; 364 NW2d 780 (1985). MCL 333.7401(3); MSA 14.15(7401)(3) provides:

A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any

term of imprisonment imposed for the commission of another felony.

As other panels of this Court have recognized, the statute clearly mandates that the prison term for any controlled substance offenses indicated therein shall run consecutively with any prison term imposed for "another felony." *People v Cline,* 190 Mich App 1, 2; 475 NW2d 362 (1991); *People v Mamon,* 190 Mich App 124; 475 NW2d 378 (1991).

Furthermore, this Court has previously found the consecutive sentencing provision of this statute to be proper where "another felony" was another controlled substance offense. In *Cline, supra,* this Court found that the defendant was properly sentenced to consecutive terms for convictions of two counts of delivery of less than fifty grams of cocaine under MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv) because the deliveries were committed on consecutive days.

Similarly, in *People v Kent,* 194 Mich App 206, 208-209; 486 NW2d 110 (1992), this Court found that consecutive sentencing was properly imposed because the defendant was charged in two separate informations with supplying cocaine on three different occasions. There, this Court directly addressed the question whether the phrase "another felony" should be interpreted to refer to a different and distinct felony, not an additional felony under the same provision of the controlled substances act. After noting that "[t]he plain meaning of the term 'another' includes both 'additional' and 'different or distinct,'" the panel of this Court concluded that

"another felony" would include the commission of an additional felony violation of the same controlled substances provision, the commission of a

different felony violation of the controlled substances act, or the violation of any other felony provision. [*Id.,* p 209.]

Although these cases did not address the precise question whether "another felony" should be interpreted to refer to a controlled substance violation that is punishable by a different subsection of the same statute and that arises out of the same criminal transaction, we believe that the Legislature intended the statute to apply to this kind of case.

Although defendant does not raise the issue, we first note that the application of the consecutive sentencing provision of this statute does not violate the constitutional double jeopardy guarantee. US Const, Am V; Const 1963, art 1, § 15. Recently, this Court decided that multiple punishment for two separate controlled substance offenses arising from the same transaction did not place the defendant twice in jeopardy for the same offense. *People v Green,* 196 Mich App 593; 493 NW2d 478 (1992). In *Green,* the defendant was convicted of separate counts of possession of less than twenty-five grams of cocaine and possession of less than twenty-five grams of heroin, MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v). The panel held that even though the controlled substance offenses arose out of a single transaction, double jeopardy was not violated because the defendant committed two separate criminal offenses under MCL 333.7403; MSA 14.15(7403). The panel stated:

> We believe that the . . . statutory language supports multiple punishments where a defendant simultaneously possesses more than one type of controlled substance proscribed by the statute. It is clear from the language employed in § 7403 that the Legislature intended the imposition of crimi-

nal liability to turn on the consideration of two separate factors. The first factor is the amount of a controlled substance possessed, as evidenced by the punishment provisions that authorize the imposition of increasingly severe punishments as the amount of controlled substance possessed increases. MCL 333.7403(2)(a)(i-v); MSA 14.15(7403) (2)(a)(i-v). The second factor is the type of controlled substance possessed. [*Id.*, pp 595-596.]

In finding that the statute permits multiple charges and convictions, the panel upheld the defendant's convictions and his sentence to concurrent terms of one to four years' imprisonment.

Although *Green* involved concurrent sentencing for two convictions for violations of MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v) and not the consecutive sentencing provision involved here, MCL 333.7401(3); MSA 14.15(7401)(3), the *Green* holding nonetheless applies in the instant case. Here, defendant pleaded guilty with regard to two separate controlled substance offenses under different subsections of § 7401. See *People v Wakeford,* 418 Mich 95, 111-113; 341 NW2d 68 (1983). Even though both offenses arose from the same transaction or occurrence, defendant was not placed twice in jeopardy by his multiple drug convictions because § 7401 supports the imposition of multiple punishments.

Contrary to defendant's assertion, we do not believe that the prosecutor could just as easily have charged defendant with possession of each individual pill in order to seek a long mandatory prison term pursuant to the consecutive sentencing provision of the statute. As is apparent from the language used in § 7401, the Legislature intended two units of prosecution consisting of the type and the amount of the controlled substance in question. *Green, supra.* Given that the prosecutor

is not authorized to charge for each unit of the same drug, there is no danger that consecutive sentences will be imposed for separate offenses for individual pills.

Nevertheless, defendant argues that the imposition of consecutive sentences in this case results in punishment that is disproportionate in light of the decision by the Michigan Supreme Court in *People v Bullock,* 440 Mich 15; 485 NW2d 866 (1992), where the Court struck down the provision requiring mandatory life imprisonment without parole for the possession of more than 650 grams of a controlled substance under MCL 333.7403 *et seq.*; MSA 14.15(7403) *et seq.* as being cruel or unusual punishment under the 1963 Michigan Constitution, art 1, § 16. That was a constitutional issue that is not present in this case even in the presence of *People v Fluker,* 197 Mich App 225; 494 NW2d 830 (1992). *Fluker* is an opinion of this Court that applied *Bullock* to the offense of delivery of a controlled substance. Such a constitutional issue is not present in this case, which raises only the issue whether the sentence is disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990).

There is a serious question whether defendant's consecutive sentences result in disproportionate punishment in violation of the principle of proportionality. Under *Milbourn,* p 651, a sentence must be proportionate to the nature of the offense and the background of the offender. Although each of defendant's sentences was within the guidelines recommendation, and is therefore presumptively valid, *People v Broden,* 428 Mich 343, 354-355; 408 NW2d 789 (1987), *Milbourn,* p 661, pointed out that even a sentence within the sentencing guidelines recommendation could be an abuse of discretion in unusual circumstances. As the Court noted,

"the key test is whether the sentence is proportionate to the seriousness of the matter." [*Id.*]

Under the circumstances, we believe that even though each sentence was presumptively valid, the trial court, in sentencing defendant to consecutive terms for these controlled substances convictions, abused its sentencing discretion under *Milbourn.* The amount of time that defendant must serve is simply not proportionate to what he did. Were it not for Administrative Order No. 1990-6, 436 Mich lxxxiv, which was continued in effect until December 31, 1993, by Administrative Order No. 1992-8, 441 Mich lii, we would so hold and remand to the trial court for resentencing in conformity with the principle of proportionality.

Nonetheless, a panel of this Court has previously held that the cumulative nature of a defendant's sentences is irrelevant to the determination whether his sentences are excessive. *People v Warner,* 190 Mich App 734, 736; 476 NW2d 660 (1991). In our view, *Warner* was wrongly decided because it maintains the fiction of evaluating each sentence as if the other did not exist. In so doing, *Warner* deprives appellate courts of their function to give meaningful review of sentences in order to determine whether the total length of the sentence was proportionate to what the defendant did. In creating an artificial distinction, *Warner* denies appellate courts the power to decide whether "the sentence is proportionate to the seriousness of the matter," as required under *Milbourn,* p 661. Thus, where two convictions arise as a result of the same transaction, each of the sentences could be set at the maximum recommended by the guidelines or at the statutory maximum, resulting in a total sentence of twice the guidelines maximum recommendation or twice the statutory maximum sentence for each offense, and we would be powerless

even to raise the question whether such a sentence goes too far. This Court, even without *Warner,* could conclude that such a lengthy sentence is proportionate. Our concern here is that *Warner* deprives us of the power to ask the question. We do not believe that was the purpose of creating appellate review of sentencing.

However, because *Warner* is binding precedent, we must affirm defendant's sentences because we are constrained to apply the rule that the cumulative nature of a defendant's sentences is irrelevant to the question whether his sentences are excessive in violation of *Milbourn.* Because we are required to follow *Warner* and because the question relates to an outcome-determinative matter, we note that pursuant to Administrative Order No. 1990-6, "a party may petition the Court of Appeals to convene a special panel . . . to rehear the case for the purpose of resolving the conflict which would have been created but for the provisions of this order."[1] A party may file a petition to convene a special panel within the period allowed for filing a motion for rehearing. In the absence of a petition, any judge of this Court may also request a vote regarding whether to convene a special panel to consider this matter within ten days after the expiration of the period for filing a motion for rehearing.

Affirmed pursuant to Administrative Order No. 1990-6.

---

[1] We assume that "outcome determinative" means outcome determinative in the Court of Appeals. We have three options where the sentence exceeds the guidelines recommendation. We can (1) find the sentence to be proportionate, (2) find it to be disproportionate and remand for resentencing, or (3) remand for a hearing in the trial court to determine whether under *Milbourn* the sentence is disproportionate. Under the third option, the trial court would order resentencing if the record at the hearing justifies such action. Because we do not find the sentence to be proportionate, the issue in this case is outcome determinative in the Court of Appeals because *Warner* deprives us of proceeding under both options 2 and 3 above.

FITZGERALD, J., concurred.

MICHAEL J. KELLY, P.J. *(dissenting).* I respectfully dissent. MCL 333.7401(3); MSA 14.15(7401)(3) provides that

> [a] term of imprisonment imposed pursuant to subsection (2)(a) or 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

I do not believe that this provision was intended to apply in a case such as this, where defendant was convicted under different subsections of the same statute and the convictions arose as a result of one transaction and occurrence. As the majority correctly notes, *People v Cline,* 190 Mich App 1; 475 NW2d 362 (1991), *People v Mamon,* 190 Mich App 124; 475 NW2d 378 (1991), and *People v Kent,* 194 Mich App 206; 486 NW2d 110 (1992), did not address the precise question raised in this matter: whether "another felony" should be interpreted to refer to a controlled substance violation that is punishable by a different subsection of the same statute and that arises out of the same criminal transaction. Therefore, they are not binding precedent in this case. If, however, the majority is correct (that is, proven to have correctly anticipated Supreme Court approbation) "that the Legislature intended the statute to apply to this kind of case," *ante,* p 103, then I would agree with its position that *People v Warner,* 190 Mich App 734; 476 NW2d 660 (1991), was wrongly decided.

Because the offenses in this matter were committed during a single transaction and occurrence, I do not believe that the consecutive sentencing provision of § 7401(3) applies in this matter. Therefore, I would remand for the imposition of concur-

rent sentences with regard to defendant's posses-
sion convictions.