PEOPLE v JONES

Docket No. 150069. Submitted February 16, 1994, at Detroit. Decided
    October 17, 1994, at 9:00 A.M.

In February 1990, Frederick L. Jones pleaded guilty in the
    Genesee Circuit Court, Robert M. Ransom, J., of one count of
    possession of less than twenty-five grams of cocaine and one
    count of possession with intent to deliver less than fifty grams
    of cocaine and was sentenced to five years' probation and
    lifetime probation for the respective counts. In March and
    April 1991, the defendant again appeared in the Genesee
    Circuit Court and pleaded guilty before Judith A. Fullerton, J.,
    of delivery of more than fifty grams of cocaine, pleaded guilty
    before Nathaniel C. Perry, III, J., of delivery of less than fifty
    grams of cocaine, and pleaded guilty before Judge Ransom of
    violation of the conditions of the 1990 orders of probation.
    Judge Fullerton sentenced the defendant to a prison term of
    ten to twenty years for the conviction of delivery of more than
    fifty grams of cocaine. Therefore, Judge Ransom revoked the
    defendant's orders of probation and resentenced the defendant
    to prison terms of thirty-two to forty-eight months for the 1990
    possession conviction and five to ten years for the 1990 convic-
    tion of possession with intent to deliver. Judge Ransom ordered
    that those sentences run concurrently with one another and
    with the sentence imposed by Judge Fullerton. Still later,
    Judge Perry sentenced the defendant to a prison term of two to
    twenty years for the conviction of delivery of less than fifty
    grams of cocaine and, ultimately, ordered that that sentence
    run consecutively with the other sentences. The defendant
    appealed the probation revocations and corresponding sen-
    tences, and the prosecutor cross appealed. The defendant's
    appeal was dismissed by stipulation of the parties.

    The Court of Appeals held:
    1. Section 7401(3) of the controlled substances provisions of

REFERENCES

Am Jur 2d, Criminal Law §§ 552, 578; Drugs, Narcotics, and Poi-
    sons § 48.
Propriety, in imposing sentence for original offense after revocation
    of probation, of considering acts because of which probation was
    revoked. 65 ALR3d 1100.

the Public Health Code, MCL 333.7401(3); MSA 14.15(7401)(3), provides that the sentences for certain enumerated drug offenses shall run consecutively with the term of imprisonment imposed for another felony. Although possession of less than twenty-five grams of cocaine is not one of the offenses enumerated in § 7401(3), the conviction of possession of less than twenty-five grams of cocaine properly is treated as "another offense" for the purpose of § 7401(3). Accordingly, the sentence imposed by Judge Ransom for the conviction of possession with intent to deliver must run consecutively to the sentence he imposed for the conviction of simple possession.

2. The determination whether these sentences should run consecutively is governed by § 7401(3) of the Public Health Code rather than the consecutive sentence provision of the Code of Criminal Procedure relating to felonies committed during the pendency of other felony proceedings.

3. Because possession of less than twenty-five grams of cocaine is not one of the offenses enumerated in § 7401(3), Judge Ransom properly ordered that the sentence for that conviction run concurrently with the sentence imposed by Judge Fullerton. However, because possession with intent to deliver less than fifty grams of cocaine is one of the offenses enumerated in § 7401(3) and the sentence for that offense was imposed after the sentence imposed by Judge Fullerton, Judge Ransom should have ordered that the sentence for possession with intent to deliver less than fifty grams of cocaine was to run consecutively to the sentence imposed by Judge Fullerton.

4. Because Judge Ransom might not have imposed the sentences he did if he had realized that § 7401(3) mandated consecutive sentences under these circumstances, the matter must be remanded for resentencing.

5. It should be noted that the sequence of the sentencing affects the nature of the sentences that can be imposed. Had Judge Fullerton handled the sentencing of the 1990 offenses, the sentence for possession of less than twenty-five grams of cocaine could have served as "another felony" for the purpose of § 7401(3), so that the sentence for possession with intent to deliver less than fifty grams of cocaine would have had to run consecutively to the simple possession sentence, the sentence for delivery of more than fifty grams of cocaine would have run consecutively to both of the sentences for the 1990 offenses, and Judge Perry's sentence would run consecutively to all three of those sentences. Resolution of this sequencing anomaly properly is left to the Legislature.

Affirmed in part, reversed in part, and remanded for resentencing.

B. L. HOWARD, J., dissenting, stated that although Judge

Ransom's sentence for possession with intent to deliver should have been ordered to run consecutively to his sentence for the possession conviction, the Legislature did not intend under these circumstances that either of those sentences entered after revocation of an order of probation should be ordered to run consecutively to the sentence imposed by Judge Fullerton.

1. CONTROLLED SUBSTANCES — SENTENCING — PROBATION REVOCATION.

A sentence imposed after revocation of an order of probation that was imposed for one of the enumerated drug offenses of the consecutive sentencing provision of the controlled substances provisions of the Public Health Code is subject to the mandatory consecutive sentence requirement of that provision (MCL 333.7401[3]; MSA 14.15[7401][3]).

2. CONTROLLED SUBSTANCES — SENTENCING — CONSECUTIVE SENTENCES.

An offense that is to be used to satisfy the "another felony" requirement of the consecutive sentence provision of the controlled substances provisions of the Public Health Code does not have to be charged in the same information as the drug offense that is subject to consecutive sentencing, nor do the sentences have to be imposed at the same time (MCL 333.7401[3]; MSA 14.15[7401][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, *Donald A. Kuebler,* Chief, Appellate Division, and *Lenore M. Ferber,* Assistant Prosecuting Attorney, for the people.

*Mueckenheim & Mueckenheim, P.C.* (by *Mercedes D. Mueckenheim*), for the defendant.

Before: MICHAEL J. KELLY, P.J., and BRENNAN and B. L. HOWARD,* JJ.

MICHAEL J. KELLY, P.J. In February 1990, defendant pleaded guilty of possession of less than twenty-five grams of cocaine, MCL 333.7403(2)(a)

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(v); MSA 14.15(7403)(2)(a)(v), and guilty of possession with intent to deliver less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), for two offenses that occurred in October and November 1989. He was sentenced to five years' probation and lifetime probation, respectively.

In March and April 1991, defendant pleaded guilty, first, of delivery of more than fifty grams of cocaine, MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii), second, of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and third, by virtue of these offenses, of violating the conditions of his probation, MCL 771.3(1)(a); MSA 28.1133(1)(a).

Defendant was sentenced in the Genesee Circuit Court by three different judges, one for each of the three separate offenses. On April 22, 1991, Judge Judith A. Fullerton sentenced defendant to a prison term of ten to twenty years for the charge of delivery of more than fifty grams of cocaine.

On April 25, 1991, defendant appeared before Judge Robert M. Ransom for sentencing on the probation violation. Pursuant to MCL 771.4; MSA 28.1134, Judge Ransom revoked defendant's probation and resentenced him for the original controlled substance convictions of February 1990. He imposed a prison term of thirty-two to forty-eight months for the possession conviction and another term of five to twenty years for the conviction of possession with intent to deliver. These sentences were ordered to run *concurrently* with one another and with the sentence imposed by Judge Fullerton.

On May 3, 1991, Judge Nathaniel C. Perry, III, sentenced defendant to a concurrent prison term of two to twenty years for the conviction of delivery of less than fifty grams of cocaine. Judge Perry

amended that sentence by ordering it to run consecutively to the other sentences.

Defendant's claim of appeal was dismissed by stipulation on May 19, 1992. The remaining cross appeal concerns only the sentences imposed by Judge Ransom. The prosecutor contends that Judge Ransom should have made his sentences for the February 1990 convictions consecutive to each other and to Judge Fullerton's sentence. The prosecutor relies on MCL 333.7401(3); MSA 14.15(7401) (3), which provides, in relevant part:

> A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

In this case, all the offenses committed by defendant are crimes enumerated in § 7401(3) with the exception of the first of the two original offenses, possession of less than twenty-five grams of cocaine.[1]

The first issue presented is whether the sentence for this nonenumerated offense must run consecutively to the sentence for the accompanying offense of possession with intent to deliver less than fifty grams of cocaine.[2] We hold it must. There is clearly both an enumerated offense under § 7401(3) and a "term of imprisonment imposed for the commission of another felony." The fact that the charge under § 7403(2)(a)(v) was included in the same information as the charge under § 7401(2)(a) (iv) does not transform its status as "another felony" for purposes of § 7401(3). *People v Hadley*, 199 Mich App 96, 101-103; 501 NW2d 219 (1993).

---

[1] MCL 333.7403(2)(a)(v); MSA 14.15(7403)(2)(a)(v).

[2] MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv).

The second issue is whether the sentences for both these offenses must run consecutively to the sentence imposed by Judge Fullerton for delivery of more than fifty grams of cocaine.[3] Complicating this issue is the fact that the former sentences were imposed as a result of a probation violation.

Defendant's sentences for his probation violation essentially amount to a revocation of the original probation order and a resentencing on the original offenses as "if such probation order had never been made." MCL 771.4; MSA 28.1134. Although the conduct that constituted the probation violation was also the basis for the April 1991 drug delivery convictions, the sentences for probation violation relate back to a different set of controlled substance offenses, the convictions of February 1990. Thus, sentences for two different sets of controlled substance offenses are involved, and we must determine whether § 7401(3) requires consecutive sentencing.

Defendant contends that because his sentences of probation for the 1990 controlled substance offenses did not make those charges "pending," *People v Malone,* 177 Mich App 393, 401; 442 NW2d 658 (1989), his sentences for the 1991 controlled substance offenses cannot be made consecutive to the sentences for the 1990 offenses. This argument not only reverses the order of which set of sentences is being made consecutive to the other, but also confuses the requirements of § 7401(3) with the requirements of MCL 768.7b; MSA 28.1030(2), which provides for consecutive sentencing for felonies committed while other felony charges are pending.[4]

---

[3] MCL 333.7401(2)(a)(iii); MSA 14.15(7401)(2)(a)(iii).

[4] The dissent also focuses on the "pending felony" language of MCL 768.7b; MSA 28.1030(2), which does not apply in this case.

The statutes address separate and distinct situations. MCL 768.7b; MSA 28.1030(2) governs where a defendant commits a felony, including a controlled substance offense, while other felony proceedings are pending. MCL 333.7401(3); MSA 14.15(7401)(3) governs where a defendant commits a controlled substance offense and another felony, irrespective of the pendency of the other charges. [*People v Manon,* 190 Mich App 124, 126; 475 NW2d 378 (1991).]

We also do not believe that the phrase "any term of imprisonment imposed for the commission of another felony" in § 7401(3) refers only to prison terms imposed *at the same time* as a prison term for one of the enumerated controlled substance offenses. In *People v Cline,* 190 Mich App 1, 2; 475 NW2d 362 (1991), this Court rejected the argument that § 7401(3) does *not* apply to sentences imposed at the same time for charges set forth in the same information. In *People v Hunter,* 202 Mich App 23, 26; 507 NW2d 768 (1993), the Court acknowledged that consecutive sentencing would be appropriate for a violation of one of the offenses enumerated in § 7401(3) where the defendant had already received a prison sentence for another felony in an unrelated case.

Applying § 7401(3) without regard to the pendency of other felony charges, we conclude that Judge Ransom properly made defendant's sentence for violating § 7403(2)(a)(v) (possession of less than twenty-five grams of cocaine) concurrent with the sentence previously imposed by Judge Fullerton for violating § 7401(2)(a)(iii) (delivery of more than fifty grams of cocaine). Section 7403(2)(a)(v) is not an enumerated provision under § 7401(3) and, therefore, is not subject to consecutive sentencing.

However, with regard to § 7401(2)(a)(iv) (possession with intent to deliver less than fifty grams of

cocaine), we reach a different conclusion. Defendant's sentence for violating that provision was required to run consecutively to his sentence for violating § 7401(2)(a)(iii). The former was a sentence for an enumerated offense under § 7401(3) and the latter, imposed three days earlier by Judge Fullerton, was a "term of imprisonment imposed for the commission of another felony." Because we cannot say that Judge Ransom would have imposed the same punishment had he been aware that § 7401(3) mandated consecutive sentencing, we remand for resentencing.

We are aware of the significant role that the sequence in which defendant's sentences were imposed plays in our analysis. This is the necessary result of adhering to the general principle set forth in *Hunter, supra* at 25, that "[t]he prerogative of consecutive sentencing [under § 7401(3)] is accorded only to the court last in time to impose sentence." Had Judge Fullerton handled sentencing for the original two controlled substance offenses in addition to the subsequent offense, all three sentences would have run consecutively to each other. Although not an enumerated offense under § 7401(3), defendant's sentence for violating § 7403(2)(a)(v) would have served as a "term of imprisonment imposed for the commission of another felony" with respect to the charge of possession with intent to deliver and the delivery charge, both of which were enumerated offenses. Presumably, such a result would have better reflected "the Legislature's intent to impose a consecutive sentence on controlled substance offenders who are repeat felons." *Hunter, supra* at 26, n 2. However, the anomalies caused by the sequence of sentencing are properly left for the Legislature to address. *Id.*

Affirmed in part, reversed in part, and remanded for resentencing.

BRENNAN, J., concurred.

B. L. HOWARD, J. *(dissenting)*. I respectfully dissent with regard to the limited issue whether consecutive sentencing is required on the basis of "another felony" when a probation violation is involved. Consecutive sentencing may be imposed if specifically authorized by statute, *People v Hadley,* 199 Mich App 96, 101-103; 501 NW2d 219 (1993), lv gtd 446 Mich 851 (1994). Generally, in applying the rules of statutory construction, this Court not only should give effect to the intent expressed in the words of the statute, but also should consider the general purpose sought to be accomplished or the evil that is sought to be remedied. *People v Chambers,* 430 Mich 217, 222; 421 NW2d 903 (1988).

The Legislature specifically provided for consecutive sentencing for major drug offenses that are committed while another felony is pending. The Court held in *People v Malone,* 177 Mich App 393, 401; 442 NW2d 658 (1989), that an offense is not pending if probation has been ordered. Furthermore, the Legislature could have easily expressed the need for consecutive sentencing in this situation, but did not do so. The Court should give effect to the intent expressed in the words of the statute. *Hadley, supra,* p 101.

The decision of the trial court should be reversed in part and affirmed in part. The trial court erred in sentencing defendant to concurrent sentences for the 1990 charges by failing to follow the mandate of MCL 333.7401(3); MSA 14.15(7401)(3). However, the trial court did not err in ordering that the sentences for the probation violation run

concurrently with the sentence imposed by Judge Fullerton, because the statute makes no provision for consecutive sentences in the event of a probation violation.