PEOPLE v HARDY

Docket No. 173518. Submitted May 9, 1995, at Grand Rapids. Decided
    July 21, 1995, at 9:25 A.M. Leave to appeal sought.

Eddie R. Hardy pleaded guilty in the Muskegon Circuit Court,
    James M. Graves, Jr., J., of conspiracy to deliver less than fifty
    grams of cocaine and was sentenced to lifetime probation. He
    violated his probation by delivering cocaine, pleaded guilty of
    violating his probation, and was sentenced to four to twenty
    years' imprisonment for his original conviction. He then
    pleaded guilty of delivering less than fifty grams of cocaine, on
    the basis of the delivery that resulted in the charge of proba-
    tion violation, and the court, James M. Graves, Jr., J., sen-
    tenced him to five to twenty years' imprisonment for the
    delivery conviction. That sentence was ordered to run consecu-
    tively to the sentence imposed following his conviction of
    probation violation. The defendant appealed from his sentence
    in both cases.

    The Court of Appeals *held:*

    1. The defendant did not overcome the presumption that his
    sentence for the delivery conviction, which was within the
    recommended guidelines' range, was proportionate. The propor-
    tionality of consecutive sentences should not be determined on
    a cumulative basis, i.e., the sentences should not be added
    together when their proportionality is reviewed.

    2. The sentence imposed for the conviction of conspiracy to
    deliver cocaine following the violation of the probation order
    was proportional.

    3. The trial court had the authority, pursuant to MCL
    333.7401(3); MSA 14.15(7401)(3), to impose the consecutive sen-
    tences. It is irrelevant for the purposes of § 7401(3) that the
    ultimate prison sentence for the conspiracy conviction resulted
    from a probation violation.

    4. Where a defendant is sentenced in different cases at

REFERENCES
Am Jur 2d, Criminal Law §§ 551, 552; Drugs, Narcotics, and Poi-
    sons § 27.20.
See ALR Index under Concurrent and Consecutive Sentences; Drugs
    and Narcotics; Sentence and Punishment.

different times, a consecutive sentence may not be imposed under MCL 333.7401(3); MSA 14.15(7401)(3) unless, as in this case, at the time of sentencing for a conviction pursuant to subsection 7401(2)(a), the defendant being sentenced is already serving a term of imprisonment imposed for the commission of another felony.

Affirmed.

1. SENTENCES — PROPORTIONALITY.

The proportionality of consecutive sentences must be determined by examining each sentence separately, not by adding the sentences together to make the determination on a cumulative basis.

2. CONTROLLED SUBSTANCES — SENTENCES — CONSECUTIVE SENTENCES.

A sentence imposed for a conviction of one of the enumerated drug offenses of the consecutive sentencing provision of the controlled substances provisions of the Public Health Code must be consecutive to a sentence the defendant is already serving for a prior felony conviction; it is irrelevant that the prior sentence that the defendant is serving is the result of the defendant's violation of probation granted following the prior conviction (MCL 333.7401[3]; MSA 14.15[7401][3]).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Tony Tague,* Prosecuting Attorney, and *Eric P. Stevens,* Assistant Prosecuting Attorney, for the people.

*Balgooyen Law Offices, P.C.* (by *Gerald W. Gibbs*), and Eddie R. Hardy, in propria persona.

Before: SAAD, P.J., and BANDSTRA and M. G. HARRISON,* JJ.

PER CURIAM. This appeal involves two separate criminal cases. In lower court docket no. 92-34543-FH, defendant pleaded guilty of conspiracy to deliver less than fifty grams of cocaine, MCL 750.157a; MSA 28.354(1); MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), and he was sentenced to lifetime probation on August 14, 1992. Then, in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

February 1994, he violated probation by delivering cocaine to an undercover police officer. Defendant pleaded guilty of violating his probation on February 18, 1994, and he was sentenced to a term of four to twenty years' imprisonment for the original conspiracy conviction on February 28, 1994.

The same criminal act of delivering cocaine that triggered the probation violation charge in docket no. 92-34543-FH also resulted in a separate charge of delivery of less than fifty grams of cocaine, MCL 333.7401(2)(a)(iv); MSA 14.15(7401)(2)(a)(iv), to which defendant pleaded guilty in lower court docket no. 94-36663-FH. In exchange for defendant's plea, the prosecution agreed not to seek sentence enhancement under either the habitual offender statute or the repeat drug offender provision of the controlled substances act. The prosecution also agreed not to charge defendant with conspiracy. On March 3, 1994, defendant was sentenced to a term of five to twenty years' imprisonment for the delivery conviction, which was ordered to run consecutively to the sentence imposed following his conviction of probation violation in docket no. 92-34543-FH.

Defendant now appeals as of right from his sentences in both cases. We affirm.

I

First, defendant argues that the total effect of his two consecutive sentences is disproportionate under *People v Milbourn,* 435 Mich 630; 461 NW2d 1 (1990). However, contrary to defendant's argument, his sentences should not be added together when reviewing their proportionality. This Court has repeatedly held that the proportionality of consecutive sentences should not be determined on a cumulative basis. *People v Landis,* 197 Mich

App 217, 218-219; 494 NW2d 865 (1992); *People v Warner,* 190 Mich App 734, 736; 476 NW2d 660 (1991).

Reviewing defendant's sentences individually, the term of 5 to 20 years' imprisonment for the delivery conviction was within the recommended guidelines' range of 60 to 160 months, and is thus presumptively proportionate. *People v Dukes,* 189 Mich App 262, 266; 471 NW2d 651 (1991). We note that defendant was sentenced at the low end of the recommended guidelines' range, despite the fact that defendant's prior record and prior offense variable scores were in excess of the totals needed to score him at the highest level for each category. Defendant has failed to present this Court with any compelling argument to overcome the presumption of proportionality. *Id.*

We also find proportionate the sentence of four to twenty years for the conviction of probation violation regarding the underlying offense of conspiracy to deliver cocaine. Rather than take advantage of his lenient sentence of probation, defendant chose to violate probation by selling cocaine from his residence, where he reportedly made over $1,000 in sales on some nights. In addition to the probation violation, defendant also had a prior record of three felony convictions. After reviewing the record, we are convinced that defendant's sentences were proportionate to the offense and offender. *Milbourn, supra; People v Merriweather,* 447 Mich 799, 805; 527 NW2d 460 (1994).

II

For his second issue, defendant contends via his supplemental brief that he is entitled to resentencing because the trial court did not have authority to make his sentence for the delivery offense run

consecutively to the sentence regarding the prior conspiracy conviction. We also find this issue to be without merit.

Specifically, defendant argues that the trial court did not have authority to impose a consecutive sentence pursuant to MCL 768.7b; MSA 28.1030(2). That statute provides, in relevant part, as follows:

> [I]f a person who has been charged with a felony, pending the disposition of the charge, commits a subsequent offense that is a felony, upon conviction of the subsequent offense . . . the sentences imposed for the prior charged offense and the subsequent offense may run consecutively.

Defendant is correct that MCL 768.7b; MSA 28.1030(2) does not supply authority for the consecutive sentence in this case because the prior conspiracy charge was not "pending" when defendant committed the subsequent delivery offense. The prior charge was not pending when defendant committed the subsequent offense because he had been sentenced to probation for his conviction of the prior offense in 1992. Cf. *People v Malone,* 177 Mich App 393, 401-402; 442 NW2d 658 (1989).

However, while MCL 768.7b; MSA 28.1030(2) does not provide authority for the consecutive sentence in this case, there is no indication that the trial court relied upon that statute when imposing sentence. In fact, the trial court did not make express reference to any particular statute when imposing the consecutive sentence. Nevertheless, there is a statutory provision, MCL 333.7401(3); MSA 14.15(7401)(3), that provides authority for, and in fact requires, a consecutive sentence in this case.

MCL 333.7401(3); MSA 14.15(7401)(3) provides, in relevant part, as follows:

> A term of imprisonment imposed pursuant to subsection (2)(a) or section 7403(2)(a)(i), (ii), (iii), or (iv) shall be imposed to run consecutively with any term of imprisonment imposed for the commission of another felony.

We note immediately that subsection 7401(3) is potentially applicable because defendant's second sentence was for a violation of subsection 7401(2) (a)(iv), delivery of cocaine. Where a defendant is sentenced in different cases at different times, a consecutive sentence may not be imposed under subsection 7401(3) unless, at the time of sentencing for a conviction pursuant to subsection 7401(2)(a), the defendant being sentenced is already serving a term of imprisonment imposed for the commission of another felony. *People v Jones,* 207 Mich App 253, 258-260; 523 NW2d 888 (1994); *People v Hunter,* 202 Mich App 23, 26; 507 NW2d 768 (1993). Here, consistent with *Jones* and *Hunter,* defendant was in fact serving a term of imprisonment for the conspiracy conviction when he was sentenced for the delivery conviction.

In this case, application of subsection 7401(3) is somewhat complicated by the fact that defendant's first actual prison sentence (for the conspiracy conviction) was imposed as a result of the probation violation. Nevertheless, we hold that subsection 7401(3) mandates a consecutive sentence in this case. We find it irrelevant for purposes of subsection 7401(3) that the ultimate prison sentence for the conspiracy conviction resulted from a probation violation. This Court stated in *Jones, supra* at 258:

> Defendant's sentences for his probation violation essentially amount to a revocation of the original probation order and a resentencing on the original offenses as "if such probation order had never been made." MCL 771.4; MSA 28.1134.

Although in *Jones* it was the subsequent sentence that was imposed as a result of a probation violation (and thus could run consecutively to a prior sentence for a felony conviction), we would also adopt the reasoning from *Jones* in this case where the earlier sentence was imposed as a result of a probation violation. The fact that the earlier sentence was imposed as a result of a probation violation does not affect the legislative intent behind subsection 7401(3) of article 7 of the Public Health Code, which must be liberally construed to protect and promote public health, safety, and welfare. *People v Davenport,* 205 Mich App 399, 403; 522 NW2d 339 (1994). Rather, what is important is that the subsequent sentence for the drug offense under subsection 7401(2)(a)(iv) was imposed while defendant was serving a sentence for the commission of another felony. *Jones, supra* at 259; *Hunter, supra* at 26.

The trial court had authority and was required to impose consecutive sentences in this case pursuant to MCL 333.7401(3); MSA 14.15(7401)(3).

Affirmed.